**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| In Re Grand Jury Subpoena, dated July 21, 2023 | No. 24-2506 |
|  | D.C. No. 2:23-cm-00228-FMO-1 |
|  | OPINION |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted September 13, 2024
Pasadena, California

Filed January 28, 2025

Before: Michelle T. Friedland and Roopali H. Desai,
Circuit Judges, and Karen E. Schreier, District Judge.[*]

Opinion by Judge Friedland

---

[*] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

## SUMMARY[**]

### Grand Jury Subpoenas/Fifth Amendment

The panel reversed the district court's order compelling a law firm to provide the Government with a privilege log of documents that the law firm's client asserts are protected under *Fisher v. United States*, 425 U.S. 391 (1976), and remanded for further proceedings.

In *Fisher*, the Supreme Court held that when the Fifth Amendment protects an individual from the compelled production of documents and the individual shares those documents with his attorney to obtain legal advice, the attorney-client privilege shields the attorney from compelled production of those documents to the government. But if the government can already independently determine the existence, authenticity, and client's custody of those documents such that the act of producing them would reveal no additional incriminating information, the Fifth Amendment does not protect the individual against the documents' production, and the *Fisher* privilege accordingly does not apply.

The panel held that an attorney cannot be ordered to provide the government with a privilege log of documents to which the *Fisher* privilege applies, and that to determine whether the requirements for *Fisher* protection are in fact satisfied, a district court will generally need to conduct an in camera review. Because the district court here ordered a

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

privilege log to be provided to the Government without any such prior process, the panel reversed and remanded.

## COUNSEL

Jason Poole (argued), Joseph B. Syverson, and Katie Bagley, Attorneys, Tax Division; S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section; David A. Hubbert, Deputy Assistant Attorney General; E. Martin Estrada, United States Attorney; United States Department of Justice, Washington, D.C.; Ranee A. Katzenstein, Assistant United States Attorney, Office of the United States Attorney, United States Department of Justice, Los Angeles, California; for Plaintiff-Appellee.

Harvinder S. Anand (argued), Anand Law Group, P.C., Pasadena, California, for Real-party-in-interest-Appellant.

Ivy A. Wang and Thomas P. O'Brien, Greenberg Traurig, LLP, Los Angeles, California; Rod J. Rosenstein, King & Spalding LLP, Washington, D.C.; for Amicus Curiae Hochman Salkin Toscher Perez P.C.

## OPINION

FRIEDLAND, Circuit Judge:

In *Fisher v. United States*, 425 U.S. 391 (1976), the Supreme Court held that when the Fifth Amendment protects an individual from the compelled production of documents and the individual shares those documents with his attorney to obtain legal advice, the attorney-client privilege shields the attorney from compelled production of those documents to the government. *Id.* at 404–05. But if the government can already independently determine the existence, authenticity, and client's custody of those documents such that the act of producing them would reveal no additional incriminating information, the Fifth Amendment does not protect the individual against the documents' production, and the *Fisher* privilege accordingly does not apply. *See id.* at 410–11; *United States v. Doe*, 465 U.S. 605, 614 n.13 (1984).

We consider here the novel question whether an attorney may be compelled to provide the government with a privilege log of documents that he asserts are protected under *Fisher*. We hold that an attorney cannot be ordered to provide the government with a privilege log of documents to which the *Fisher* privilege applies. To determine whether the requirements for *Fisher* protection are in fact satisfied, a district court will generally need to conduct an in camera review. Because the district court here ordered a privilege log to be provided to the Government without any such prior process, we reverse and remand.

## I.

A grand jury issued a subpoena to an individual ("Client") who became the target of a criminal investigation

into an alleged tax evasion scheme.[1]  Client declined to testify or produce any documents, invoking his Fifth Amendment privilege against self-incrimination.  The grand jury then subpoenaed Law Firm, which had previously represented Client in connection with tax matters, requesting certain documents related to that representation.  The subpoena instructed Law Firm to provide a privilege log if it withheld any documents.  Law Firm, however, declined to produce some documents or provide a privilege log of those documents, asserting that those documents were protected by the attorney-client privilege and the work-product doctrine and that providing even a privilege log would violate Client's Fifth Amendment right.

The Government moved to compel Law Firm to provide a privilege log, arguing that Law Firm's claims of privilege could not otherwise be evaluated.  Client intervened and argued that Law Firm could decline to provide the Government with a privilege log by invoking Client's Fifth Amendment right.  The district court held that Law Firm could not assert Client's Fifth Amendment right and ordered Law Firm to provide the Government with a privilege log. The district court temporarily stayed enforcement of its order granting the Government's motion to compel.[2]

Client timely filed an interlocutory appeal.

## II.

Under *Perlman v. United States*, 247 U.S. 7 (1918), we have jurisdiction to review an interlocutory appeal challenging a subpoena directed at an individual's former

---

[1] The briefs and record in this case are under seal, so we refer to the parties and proceedings in general terms.

[2] Enforcement remains stayed.

attorneys, who are "third-party custodian[s] of [the individual's] privileged documents." *United States v. Amlani*, 169 F.3d 1189, 1192 (9th Cir. 1999). "[A client] need not wait for the third party to first receive a contempt citation to bring an appeal." *Id.*

We review de novo the "application of the Fifth Amendment privilege against self-incrimination," *United States v. Bright,* 596 F.3d 683, 690 (9th Cir. 2010), as well as "rulings on the scope of the attorney-client privilege," *United States v. Richey*, 632 F.3d 559, 563 (9th Cir. 2011).

## III.

### A.

"The Fifth Amendment grants persons the privilege not to provide the State with [self-incriminatory] evidence of a testimonial or communicative nature." *Bright*, 596 F.3d at 692 (alteration in original) (quoting *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 772 (9th Cir. 2006)). That privilege can extend to the "act of producing evidence in response to a subpoena" because the act of production has "communicative aspects of its own, wholly aside from the contents of the papers produced." *Fisher*, 425 U.S. at 410. "By producing documents in compliance with a subpoena, the witness admits that the documents exist, are in his possession or control, and are authentic." *In re Grand Jury Subpoena, Dated Apr. 18, 2003*, 383 F.3d 905, 909 (9th Cir. 2004) (citing *United States v. Hubbell*, 530 U.S. 27, 36 (2000)). We refer to the Fifth Amendment's protection against such incriminating admissions as the act-of-production privilege. *See Bright*, 596 F.3d at 691 & n.1.

The Fifth Amendment does not protect the act of production, however, if the foregone-conclusion exception

applies. That exception is triggered when the government already has "independent knowledge of three elements: the documents' existence, the documents' authenticity[,] and respondent's possession or control of the documents." *Id.* at 692. In that situation, "the [respondent] adds little or nothing to the sum total of the [g]overnment's information by conceding that he in fact has the papers." *Fisher*, 425 U.S. at 411.

The Supreme Court explained in *Fisher* that because the Fifth Amendment protects against *self*-incrimination, an attorney cannot invoke a client's Fifth Amendment privilege. *Id.* at 396–97. The Court held that an attorney can, however, resist producing documents under the attorney-client privilege if a client transferred those documents to the attorney "for the purpose of obtaining legal advice," and the documents would have been privileged were they still in the client's hands. *Id.* at 404–05. Any contrary rule would make a client "reluctant to confide in his lawyer" and undermine the attorney-client privilege's purpose of "encourag[ing] clients to make full disclosure to their attorneys." *Id.* at 403.

**B**.

Client argues that the subpoena requests documents from Law Firm that are privileged under *Fisher* because he transferred those documents to Law Firm to obtain legal advice and those documents would have been privileged in his hands.[3] We agree that, at least ostensibly, the subpoena seeks documents that may be privileged under *Fisher*.

---

[3] The Government contends that because *Fisher*'s protection concerns the attorney-client privilege and Client's opening brief to our court

But that does not answer the precise question before us. Although *Fisher* held that an attorney may not be compelled to produce privileged documents, *Fisher* does not address whether an attorney may be compelled to provide the Government with a *privilege log* identifying those documents. The Government argues that Law Firm must provide a privilege log to enable the Government and the district court to assess the claims of privilege. Client responds that Law Firm cannot be compelled to provide the Government with a privilege log because doing so would imperil Client's Fifth Amendment act-of-production privilege.

We agree with Client. A privilege log is generally an appropriate method for protecting privileged material. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing *Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989)). But here, if Law Firm were to provide the Government with a privilege log, that privilege log would reveal the existence, authenticity, and Client's custody of those documents. *See id.* (holding that a privilege log identifying the attorney and client, the nature of the document, all persons to have received or sent the document, and the date the document was prepared was sufficient to evaluate the applicability of the attorney-client privilege). And, as explained, no Fifth Amendment act-of-production

---

argues only that Law Firm should be shielded by his Fifth Amendment privilege, Client has forfeited any argument based on *Fisher*. We reject the Government's contention. Regardless of whether Client mischaracterizes the core source of the *Fisher* privilege, his opening brief discusses *Fisher* and its import here extensively. Client accordingly has not forfeited the argument that Law Firm may not be compelled to provide the Government with a privilege log of documents protected under *Fisher*.

privilege applies when the existence, authenticity, and client's custody of the documents "are a foregone conclusion." *Fisher*, 425 U.S. at 410–11; *see Doe*, 465 U.S. at 614 n.13. If the Government were to receive a privilege log from Law Firm and then subpoena Client for the documents described in that privilege log, the documents would be subject to the foregone-conclusion exception, and Client would no longer be able to assert the act-of-production privilege. *See Fisher*, 425 U.S. at 411. Put simply, were Law Firm to provide the Government with a privilege log detailing documents to which the *Fisher* privilege applies, Client would lose any Fifth Amendment right to decline to produce the documents identified therein.

The Government argues that Client's Fifth Amendment right would not be undermined for two reasons. We reject both arguments.

First, the Government contends that Law Firm's privilege log would not constitute the sort of "independent knowledge" required to establish the foregone-conclusion exception. *Bright*, 596 F.3d at 692 (citing *Hubbell*, 530 U.S. at 40–41).

We disagree. The "independent knowledge" requirement derives from the idea that the Fifth Amendment protects against *self*-incrimination. *See id.* When the government's knowledge of the existence, authenticity, and individual's custody of documents is not obtained from or with the assistance of the individual invoking his Fifth Amendment right, that knowledge is considered "independent." *Compare United States v. Oriho*, 969 F.3d 917, 927–28 (9th Cir. 2020) (rejecting application of the foregone-conclusion exception when the government could not authenticate documents without the defendant's

assistance), *with Bright*, 596 F.3d at 693 (upholding application of the foregone-conclusion exception when a prior declaration and bank records established existence, authenticity, and client's control of documents).  Here, were the Government to subpoena Client, and were Client to invoke the act-of-production privilege in response, the Government could use independent knowledge to establish the foregone-conclusion exception and defeat that privilege. That independent knowledge would be the information from the privilege log, which would have been obtained from Law Firm, not Client.  The Government would therefore "in no way [be] relying on the 'truth-telling' of [Client] to prove the existence of or his access to the documents."  *Fisher*, 425 U.S. at 411.

Second, the Government points out that, here, the grand jury had already issued a subpoena to Client before it issued a subpoena to Law Firm.  When determining whether the foregone-conclusion exception applies, courts look to the "quantum of information possessed by the government *before* it issued the relevant subpoena."  *In re Grand Jury Subpoena, Dated Apr. 18, 2003*, 383 F.3d at 910 (quoting *United States v. Hubbell,* 167 F.3d 552, 569 (D.C. Cir. 1999), *aff'd*, 530 U.S. 27 (2000)).   Because the subpoena to Client preceded the subpoena to Law Firm, the Government argues, any information gleaned from Law Firm's privilege log would not be part of the foregone-conclusion analysis of that initial subpoena to Client.

That may be correct as to the initial subpoena, but the Government does not explain why it could not rely on Law Firm's privilege log to issue a *new* subpoena to Client.  If the Government were to subpoena Client again, a court conducting the foregone-conclusion analysis would consider all the information that the Government possessed at the

time the new subpoena issued. Because that information would include Law Firm's privilege log, the foregone-conclusion exception would then apply to the documents sought in the new subpoena that were identified in the privilege log.

To protect Client's Fifth Amendment right and the attorney-client privilege, we hold that the district court may not require Law Firm to provide the Government with a privilege log of documents protected under *Fisher*.

## C.

On remand, the district court need not accept Client's and Law Firm's bare assertions that the documents in Law Firm's possession are protected under *Fisher*. "A number of methods and procedures are available to protect" privileged communications. *Dole*, 889 F.2d at 890. For example, the district court may order Law Firm to prepare and provide to the court the relevant portion of a privilege log and associated documents for in camera review so the court can determine whether the documents are in fact privileged under *Fisher*. *See id.*; *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 70 (1st Cir. 2011) (noting that, in assessing a claim of privilege, "[e]ven if the parties do not explicitly request such a step, a district court may be well advised to conduct an in camera review"); *In re Katz*, 623 F.2d 122, 126–27 (2d Cir. 1980) (remanding for the district court to conduct the *Fisher* inquiry in camera).

In assessing Law Firm's claims of privilege, the district court must consider whether the documents were transferred "for the purpose of obtaining legal advice." *Fisher*, 425 U.S. at 404; *see also In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) (recognizing that, in the tax context, some attorney-client communications may not be for the purpose

of obtaining legal advice).  The district court must also consider whether the documents would have been privileged while still in Client's hands.  *Fisher*, 425 U.S. at 405.  For any documents that satisfy *Fisher*'s requirements, Law Firm cannot be compelled to provide the Government with a privilege log because doing so would undermine Client's Fifth Amendment right against self-incrimination and the attorney-client privilege.  Law Firm may be required, however, to produce all other documents to the Government or at least provide a privilege log explaining any other valid basis for withholding production.[4]

## IV.

For the foregoing reasons, we reverse and remand for further proceedings.[5]

---

[4] The parties offer cursory arguments disputing whether any other valid bases for withholding production may apply.  We decline to address those arguments in the first instance.  On remand, the district court may consider arguments regarding other privileges and whether such arguments were adequately preserved.

[5] The Government filed a motion to issue the mandate forthwith.  At oral argument, however, the Government clarified that its motion was contingent on our affirming the district court's order.  We therefore deny the Government's motion.